# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-78V
UNPUBLISHED

| | |
|---|---|
| VALORIE SCAMYHORN HODGES,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: August 19, 2020<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Michael G. McLaren, Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for petitioner.*

*Linda Sara Renzi, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On January 16, 2020, Valorie Scamyhorn Hodges filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") caused by an influenza vaccination administered on October 5, 2017. Petition at 1. Petitioner further alleges that she suffered from the sequalae of her injury for more than six months, that she has never received compensation for her vaccine related injuries, and that she received the vaccination within the United States. Petition at 1, 4. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On March 27, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On August 18, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $48,518.95 (comprised of $45,000.00 in pain and suffering and $3,518.95 for past unreimbursable expenses) and $648.05 to satisfy a Medicaid lien. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner**

(1) **a lump sum payment of $48,518.95 (comprised of $45,000.00 in pain and suffering and $3,518.95 for past unreimbursable expenses) in the form of a check payable to Petitioner;** and

(2) **A lump sum payment of $648.05, representing compensation for satisfaction of the Medicaid lien, payable jointly to petitioner[3] and to**:

Ohio Tort Recovery Unit
350 Worthington Road,, Suite G
Westerville, Ohio 43082
Case Number 1166063

These amounts represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Petitioner agrees to endorse this payment to Ohio Tort Recovery Unit.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| | ) | |
| VALORIE SCAMYHORN HODGES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 19-78V |
| v. | ) | Chief Special Master Corcoran |
| | ) | ECF |
| SECRETARY OF HEALTH AND HUMAN | ) | |
| SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On January 16, 2019, Valorie Scamyhorn Hodges ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine she received on October 5, 2017. Petition at 1. On March 26, 2020, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on March 27, 2020, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 24; ECF No. 25.

### I.      Items of Compensation

#### A.      Pain and Suffering

Respondent proffers that petitioner should be awarded $45,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $3,518.95.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

C.  Medicaid Lien

Evidence supplied by petitioner documents that she has an outstanding Medicaid lien.  Respondent proffers that petitioner should be awarded a lump sum of $648.05, which amount represents reimbursement of a Medicaid lien for services rendered on behalf of petitioner due to her vaccine-related injury, in the form of a check payable jointly to petitioner and,

Ohio Tort Recovery Unit
350 Worthington Road, Suite G
Westerville, Ohio  43082
Case Number 1166063

Petitioner agrees to endorse the check to Ohio Tort Recovery Unit.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

II.  **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through lump sum payments as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]:  a lump sum payment of $48,518.95, in the form of a check payable to petitioner, and a lump sum payment of $648.05, in the form of a check payable to petitioner and Ohio Tort Recovery Unit.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

**III.     Summary of Recommended Payments Following Judgment**

A.     Lump Sum paid to petitioner, Valorie Scamyhorn Hodges:  **$48,518.95**

B.     Lump Sum paid to petitioner and Ohio Tort Recovery Unit:     **$648.05.**

Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

/s/ Linda S. Renzi
LINDA S. RENZI
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 616-4133

DATED:  August 18, 2020